**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH PAUL, JR.,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE; and SRA ASSOCIATES, LLC.,**<br><br>Defendants. | **Case No.:** 2:18-CV-3847<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>2.) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>3.) **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 et seq., to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, JOSEPH PAUL, JR., ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE, ("HYUNDAI") and SRA ASSOCIATES, LLC., ("SRA") (collectively as "Defendants"), with regard to Defendants' unlawful debt collection and credit reporting practices.

4. As a result, Defendants' actions described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity.

The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of Defendant(s)' conduct, Plaintiff was denied a mortgage and extensions of credit. In addition, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

5. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise states, all references to "Defendant" shall refer to all Defendants named in this action.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

10. This action arises out of Defendants' violations of: (i) the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (ii) the Rosenthal Fair

Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

11. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

12. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California, and have purposefully availed themselves of the laws and markets of the State of California and this district.

13. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

14. Plaintiff, JOSEPH PAUL, JR., ("Plaintiff") is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.31.

15. Defendant, HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE, ("HYUNDAI") is a California corporation.

16. HYUNDAI, in the ordinary course of business, regularly, on behalf of themselves and others, engage in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

17. HYUNDAI is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

18. Defendant, SRA ASSOCIATES, LLC., ("SRA") is a New Jersey limited liability company.

19. SRA in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

20. SRA, in the ordinary course of business, regularly, on behalf of himself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at they time they were acquired by and/or assigned to SRA.

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

22. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant(s) to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and/or employment purposes.

///

///

**COMPLAINT** PAGE 5 OF 15

## FACTUAL ALLEGATIONS
## AGAINST HYUNDAI

23. Sometime prior to July of 2017, Plaintiff is alleged to have entered into a Motor Vehicle Lease Agreement with HYUNDAI, Account No. 1408906312, (the "Lease").

24. At the time Plaintiff entered into the Lease, Plaintiff purchased additional vehicle care insurance from HYUNDAI, which included coverage of up to $5,000 with $0 deductible, (the "Insurance").

25. In or around August of 2017, Plaintiff's Lease with HYUNDAI ended and Plaintiff returned the vehicle.

26. On or about July 26, 2017, HYUNDAI received a final payment in the amount of $137.91 from Plaintiff for the Lease. HYUNDAI sent a letter to Plaintiff acknowledging that the account was "paid in full and closed" as of July 26, 2017.

27. Nonetheless in or around November of 2017, HYUNDAI sent Plaintiff a collection letter demanding $515.00 on the Lease. Specifically, HYUNDAI demanded $515.00 for the assessment of the condition of the vehicle.

28. Plaintiff had purchased the Insurance coverage with HYUNDAI for such losses. Therefore, even if the "assessment" was not part of the Lease, any costs under $5,000 would have been covered by the Insurance.

29. During two separate phone calls, HYUNDAI confirmed Plaintiff did not owe any balance. Specifically, HYUNDAI confirmed that the Lease had been "settled in full", that the $515.00 for the assessment had been covered by HYUNDAI, as the insurance policy holder, and that the account had a "$0 balance" with no outstanding payments or fees owed by Plaintiff.

30. HYUNDAI confirmed both verbally and in writing that on July 26, 2017, there was a $0 balance on the Lease, and that the account was "paid in full and

closed".

31. HYUNDAI therefore demanded payment on an account that had been "paid in full and closed" months prior and/or was covered in full by the Insurance. Simply put, HYUNDAI demanded payment on a debt which Plaintiff does not owe.

32. Through this conduct, HYUNDAI violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, HYUNDAI also violated Cal. Civ. Code § 1788.17.

33. HYUNDAI confirmed both verbally and in writing that on July 26, 2017, there was a $0 balance on the Lease, and that the account was "paid in full and closed".

34. Nonetheless, HYUNDAI went on to furnish incomplete and/or inaccurate information to credit reporting agencies regarding the Lease.

35. Beginning in November of 2017, and continuing through the date of this filing, HYUNDAI reported inaccurate information regarding the Lease to "consumer credit reporting agencies" as that term is defined by Cal. Civ. Code § 1785.3(d).

36. HYUNDAI furnished information on Plaintiff's credit report that the Lease was: (i) "30 days late" in November of 2017; (ii) "60 days late" in December of 2017; and (iii) "90 days late" in December of 2017.

37. This information is false, incomplete, and/or inaccurate as: (i) Plaintiff did owe any amount on the Lease; (ii) Plaintiff was not 30 days late on Lease payments in November of 2017; (iii) Plaintiff was not 60 days late on Lease payments in December of 2017; (iv) Plaintiff was not 90 days late on Lease payments in December of 2017; and (v) the Lease was paid in full and closed in July of 2017.

38. HYUNDAI knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) HYUNDAI sent a letter to Plaintiff verifying the Lease was "paid in full and closed" as of July 26, 2017; and (ii) HYUNDAI verified verbally, on at least two occasions, that Plaintiff owed "$0" on the account with no outstanding payments or fees owed.

39. Through this conduct, HYUNDAI violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that HYUNDAI knew or should have known was inaccurate and/or incomplete.

## FACTUAL ALLEGATIONS
## AGAINST HYUNDAI AND SRA

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Despite Plaintiff having paid the Lease in full and owing no balance, the account was placed with SRA for the purposes of debt collection under the direction and control of HYUNDAI.

42. On or about November 22, 2017, SRA, under the direction and control of HYUNDAI, sent Plaintiff a letter demanding payment in the amount of $225.00 on the Lease.

43. SRA and HYUNDAI therefore demanded payment on a debt that had been "paid in full" and/or covered by Insurance.

44. Through this conduct, SRA and HYUNDAI violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with

the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SRA and HYUNDAI also violated Cal. Civ. Code § 1788.17.

45. Plaintiff contacted SRA and HYUNDAI by phone to dispute the validity of the $225.00 balance.

46. During one or more of these phone calls, Defendants offered to "Settle" Plaintiff's alleged Lease balance for $180.00.

47. Defendants therefore *again* demanded payment on a debt that had been "paid in full" and/or covered by Insurance.

48. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

49. Desperate to fix the damage to his credit score, Plaintiff paid HYUNDAI $180.00 on or about December 30, 2017 to settle the alleged Debt.

50. On or about January 16, 2018, SRA, on behalf of and under the direction and control of HYUNDAI, sent Plaintiff a "Release of Debt" letter, confirming that the Lease was "satisfied", and that there was a "$0 amount due."

51. Nonetheless, HYUNDAI went on to furnish incomplete and/or inaccurate information to credit reporting agencies regarding the Lease.

52. Beginning in November of 2017, and continuing through the date of this filing, HYUNDAI reported inaccurate information regarding the Lease to "consumer credit reporting agencies" as that term is defined by Cal. Civ. Code § 1785.3(d). Specifically, HYUNDAI furnished information on Plaintiff's credit report that the Lease: (i) had a "Balance" of $45; (ii) had a current payment status of "120-149 days late"; (iii) had a remark of "balance owing"; (iv) was "30 days late" in November of 2017; (v) was "60 days late" in December of 2017; and (vi) was "90 days late" in December of 2017.

53. This information is false, incomplete, and/or inaccurate as (i) Plaintiff did owe any amount to HYUNDAI on the Lease; (ii) Plaintiff was not 120-149 days late on Lease payments; (iii) Plaintiff was not 30 days late on Lease payments in November of 2017; (iv) Plaintiff was not 60 days late on Lease payments in December of 2017; (v) Plaintiff was not 90 days late on Lease payments in December of 2017; (vi) the Lease was paid in full and closed in July of 2017; and (vii) the Lease was settled and "satisfied" in December of 2017.

54. HYUNDAI knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) HYUNDAI sent a letter to Plaintiff verifying the Lease was "paid in full and closed" as of July 26, 2017; (ii) HYUNDAI verified verbally, on at least two occasions, that Plaintiff owed "$0" on the account with no outstanding payments or fees owed; (iii) Defendants offered a settlement of the Lease in the amount of $180, which Plaintiff paid on December 22, 2018; and (iv) on January 16, 2018, SRA, on

behalf of and under the direction and control of HYUNDAI, sent Plaintiff a letter confirming that the Lease was "satisfied" and there was a "$0" balance.

55. Through this conduct, HYUNDAI violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that HYUNDAI knew or should have known was inaccurate and/or incomplete.

56. As a result, Defendants' actions described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of Defendant(s)' conduct, Plaintiff was denied a home mortgage, and several extensions of credit. Plaintiff has suffered roughly a 200 point drop in his credit scores with all three major credit reporting agencies. In addition, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
### [AGAINST SRA]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

59. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. §

1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST HYUNDAI AND SRA]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

62. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violation of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

63. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00, from each Defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF
## THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.
### [AGAINST HYUNDAI]

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

66. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions

between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

67. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

68. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

69. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit, including loss of housing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: May 8, 2018

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ Crystal T. Innabi
Crystal T. Innabi, esq.
ATTORNEY FOR PLAINTIFF

///

///

///

## TRIAL BY JURY

70. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 8, 2018                                  Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ CRYSTAL T. INNABI
CRYSTAL T. INNABI, ESQ.
ATTORNEY FOR PLAINTIFF